**UNITED STATES of America,
Appellee,**

v.

**Miguel VENTURA–MEJIA, also known as Miguel Antonio Ventura, also known as Hector Velez–Prieto, also known as Franciso Reyes–Umpierre, Defendant–Appellant.**

**No. 05–6986–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Michael Q. English, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (John M. Hillebrecht, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Defendant Miguel Ventura–Mejia appeals from a judgment of conviction imposed on December 21, 2005, in the United States District Court for the Southern District of New York (Kaplan, J.), pursuant to a guilty plea to one count of illegal reentry following deportation subsequent to conviction for commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). We assume the parties' familiarity with the underlying facts, procedural history, and the issue presented on appeal.

We review sentencing decisions by federal district courts for "reasonableness." *United States v. Booker*, 543 U.S. 220, 261–63, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005). "[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006).

Accordingly, the judgment of the district court is hereby AFFIRMED.